MARY F. O'BRIEN, PETITIONER-RESPONDENT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1951—Decided February 14, 1951.

Before Judges JACOBS, EASTWOOD and DONGES.

*Mr. Roland Vreeland* argued the cause for petitioner-respondent (*Mr. Gerald T. Foley,* attorney).

*Mr. Osie M. Silber,* Deputy Attorney General, argued the cause for respondent-appellant (*Mr. Theodore D. Parsons,* Attorney General of New Jersey, attorney for respondent-appellant).

The opinion of the court was delivered by

DONGES, J. S. C. (temporary J. A. D.). This is an appeal from a judgment entered in the Essex County Court.

There is no dispute as to the facts in this case. The petitioner's decedent, an employee of the New Jersey State Highway Department, was fatally injured on April 26, 1948, as the result of an accident arising out of and in the course of his employment.

The accident was caused by the negligent operation of an automobile owned by a person not connected with the decedent or the State Highway Department.

Thereafter, the petitioner and the respondent entered into an agreement whereby the respondent paid the petitioner the sum of $250 for funeral expenses, and further agreed to pay compensation for a period of 300 weeks at the rate of $18.31 per week, totaling $5,495.

Meanwhile, petitioner retained the services of an attorney to represent her in an independent action against the person responsible for the death of decedent. This suit was settled for the sum of $7,500, out of which the attorney took $1,500 as his fee.

The respondent has paid to petitioner the sum of $1,519.73 in compensation plus $250 for the funeral expense. Petitioner claims that she is not required to reimburse the re-

spondent for the $250 funeral expense. The Deputy Director of the Workmen's Compensation Bureau ordered full reimbursement of all money paid by respondent, including the $250 funeral expense. The County Court reversed this judgment as to the funeral expense, and the State Highway Department has appealed to this court.

The question to be determined is whether an employer, who pays the sum of $250 towards the funeral bill of a decedent, pursuant to *R. S.* 34:15–13 as amended by *P. L.* 1945, *c. 74, p.* 387, § 6, is entitled to be reimbursed for that amount, when recovery is had from a third person for the death of the employee.

Respondent's contention is based upon the provisions of *R. S.* 34:15–40 (b) which provides as follows:

"If the sum recovered by the employee from the third person or corporation, after the expenses of suit and attorney's fee or either of them, as hereinafter defined, have been deducted therefrom, is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents."

The precise point raised here has not been decided before by our courts. However, the respondent relies upon the case of *Prudential Insurance Company v. Laval,* 131 *N. J. Eq.* 23 *(Ch.* 1942). While the facts were somewhat similar to the present case, the question here involved was neither raised nor decided. The court, in computing the amount of reimbursement, included the funeral bill. However, since the question here presented was not raised, that case can not be authority for the proposition urged here.

The word "compensation" has received the attention of our present Supreme Court in an opinion by Justice Case in *Harper v. New Jersey Mfrs. Cas. Ins. Co.,* 1 *N. J.* 93 *(Sup. Ct.* 1948). Although the case involved a different section of the Workmen's Compensation Act, the question presented was whether the term "total compensation" included medical expenses and funeral expenses. The court said:

"Compensation is a word of broad significance. It is widely and commonly used with varying shades of meaning. * * * The Court of Errors and Appeals, in *Everhart v. Newark Cleaning and Dyeing Co.*, 119 *N. J. L.* 108 (1937), construing a part of the Workmen's Compensation Act, said (*p.* 114) : 'Compensation is measured by * * * earning power.' Manifestly, if the criterion there mentioned be true of that which is to be called compensation, neither medical services nor funeral expenses are compensation because they have no dependency upon or admeasurement by earning power ; * * *"

"* * * The Legislature has made clear by sharp distinction in terms that it does not, at least that in all cases it does not, include medical expenses as a part of 'compensation,' * * *."

It is quite clear that the term "compensation" as used in its present context does not include funeral expense. The act makes a clear distinction between medical expenses and compensation. Certainly, the Legislature in including medical expenses as a separate item of reimbursement could have, if it so intended, placed the words funeral expenses in the act also.

This interpretation of the statute is strengthened by an analysis of paragraph (f) of *R. S.* 34:15–40. This section permits the employer to institute suit against the third party, where the employee or his dependents do not do so, "and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person or corporation." It is quite evident that the Legislature intended to give the employer reimbursement for those elements of damages which the employee or his dependent could recover against the third party. It is basic that a tort-feasor in this State is not liable in a civil action for the funeral expenses of a decedent whose death was the result of the tort-feasor's negligence. *Consolidated Traction Co. v. Hone*, 60 *N. J. L.* 444 (*E. & A.* 1897).

One other provision of the statute should be mentioned in connection with this matter. *R. S.* 34:15–13 expressly provides for the payment of funeral expenses and medical services by the employer and does not include them as part of "compensation." It is logical to assume that the Legislature intended them as separate items and not as compensation.

Accordingly, the judgment of the Essex County Court is affirmed.